UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN AXLE & MANUFACTURING,
INC.,

                           Case No. 12-cv-11761

          Plaintiff,             Hon. George Caram Steeh

v.

DONALD MEASEL, JAMES McDADE,
DOUG ANDERSON, WALTER ZIELINSKI,
KEVIN GOLISZEK and BEVERLY BURLEY,
individually and on behalf of a class of similarly
situated individuals, and their surviving spouses,
dependents and beneficiaries,

          Defendants/Counter Plaintiffs.

_____/

| | |
|---|---|
| ROBERT M. VERCRUYSSE (P21810) | DAVID R. RADTKE (P47016) |
| WILLIAM E. ALTMAN (P52788) | KLIMIST, McKNIGHT, SALE |
| GARY S. FEALK (P53819) | McCLOW & CANZANO, P.C. |
| VERCRUYSSE, MURRAY & CALZONE, P.C. | 400 Galleria Officentre, Suite 117 |
| 31780 Telegraph Road, Suite 200 | Southfield, MI 48034 |
| Bingham Farms, MI 48025 | 248-354-9650 |
| 248-540-8019 | dradtke@kmsmc.com |
| rvercruysse@vmclaw.com | |
| waltman@vmclaw.com | *Attorneys for Defendants/Counter Plaintiffs* |
| gfealk@vmclaw.com | *Measel, McDade, Anderson, Zielinski, Goliszek* |
| | *and Beverly Burley* |
| *Attorneys for Plaintiff American Axle &* | |
| *Manufacturing, Inc.* | |

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO COMPLAINT AND COUNTER CLAIM

Defendants Donald Measel, James McDade, Doug Anderson, Walter Zielinski, Kevin Goliszek and Beverly Burley, by their attorneys, Klimist, McKnight, Sale, McClow & Canzano, P.C., submit the following answers in response to the Complaint.

## PARTIES

1.      Answering paragraph 1, Defendants admit the allegations contained therein.

2.      Answering paragraph 2, Defendants admit the allegations contained therein.

3.      Answering paragraph 3, Defendants admit the allegations contained therein.

4.      Answering paragraph 4, Defendants admit the allegations contained therein.

5.      Answering paragraph 5, Defendants admit the allegations contained therein.

6.      Answering paragraph 6, Defendants admit the allegations contained therein.

7.      Answering paragraph 7, Defendants admit the allegations contained therein.

8.      Answering paragraph 8, Defendants neither admit nor deny the allegations contained therein because they state a legal conclusion.

## FACTS

9.      Answering paragraph 9, Defendants admit the allegations contained therein.

10.      Answering paragraph 10, Defendants admit the allegations contained therein, but deny that the restatements of the Pension Plan Document and Pension Plan were proper under ERISA, the Internal Revenue Code and the parties' collective bargaining agreements.

11.      Answering paragraph 11, Defendants admit the allegations contained therein.

12.      Answering paragraph 12, Defendants deny the allegations contained therein because they are untrue.

13.      Answering paragraph 13, Defendants admit the allegations contained therein.

14.     Answering paragraph 14, Defendants deny the allegations contained therein because they are untrue.

15.     Answering paragraph 15, Defendants neither admit nor deny the allegations contained therein because they state a legal conclusion.

16.     Answering paragraph 16, Defendants deny the allegations contained therein because they are untrue.

17.     Answering paragraph 17, Defendants deny the allegations contained therein because they are untrue.

18.     Answering paragraph 18, Defendants admit the provision contained therein is the same as Section 7.4.B.1 of the  plan document attached to Plaintiff's Complaint, but deny that the section was properly adopted, implemented or applied.

19.     Answering paragraph 19, Defendants deny the allegations contained therein because they are untrue.

20.     Answering paragraph 20, Defendants admit that American Axle shared the actuarial report and determination with the UAW, but denies that the Pension Plan's actuary, Towers Watson, properly determined that the Pension Plan's AFTAP was less than 60% for the current plan year.

21.     Answering paragraph 21, Defendants admit a dispute has arisen between the UAW and American Axle over its failure to pay pension benefits and provide lifetime, vested health care benefits to those employees eligible for a Plant Closing Pension.  Defendants deny the remaining allegations contained therein.

22.     Answering paragraph 22, Defendants admit the Detroit and Cheektowaga plants closed on February 25, 2012, but deny the remaining allegations contained therein.

23.     Answering paragraph 23, Defendants admit that American Axle and the UAW have attempted to negotiate a closure agreement for American Axle's Detroit and Cheektowaga plants and states further that American Axle has negotiated in bad faith.

24.     Answering paragraph 24, Defendants deny the allegations contained therein because they are untrue.

25.     Answering paragraph 25, Defendants admit that the UAW is unwilling to agree with American Axle's decision to refuse to provide pension benefits and lifetime, vested health care benefits to employees eligible for a Plant Closing Pension.

### JURISDICTION AND VENUE

26.     Answering paragraph 26, Defendants admit the allegations contained therein.

27.     Answering paragraph 27, Defendants admit the allegations contained therein.

28.     Answering paragraph 28, Defendants admit the allegations contained therein.

### COUNT I - ERISA 502(a)(3)

29.     Answering paragraph 29, Defendants incorporate by reference all of the preceding paragraphs as if restated herein.

30.     Answering paragraph 30, Defendants admit the allegations contained therein.

31.     Answering paragraph 31, Defendants admit the allegations contained therein.

32.     Answering paragraph 32, Defendants neither admit nor deny the allegations contained therein because they state a legal conclusion.

33.     Answering paragraph 33, Defendants deny the allegations contained therein because they are untrue.

34.     Answering paragraph 34, Defendants deny the allegations contained therein because they are untrue.

35.    Answering paragraph 35, Defendants deny the allegations contained therein because they are untrue.

36.    Answering paragraph 36, Defendants deny the allegations contained therein because they are untrue.

37.    Answering paragraph 37, Defendants deny the allegations contained therein because they are untrue.

38.    Answering paragraph 38, Defendants deny the allegations contained therein because they are untrue.

39.    Answering paragraph 39, Defendants deny the allegations contained therein because they are untrue.

40.    Answering paragraph 40, Defendants deny the allegations contained therein because they are untrue.

41.    Answering paragraph 41, Defendants deny the allegations contained therein because they are untrue.

42.    Answering paragraph 42, Defendants deny the allegations contained therein because they are untrue.

WHEREFORE, Defendants request that this Honorable Court dismiss American Axle's Complaint and issue an Order requiring American Axle to provide the pension benefits and lifetime, vested health care benefits to Plant Closing Pension Employees in accordance with ERISA and the parties' collectively bargained agreements.

## II.   CLASS ALLEGATIONS

43.      Answering paragraph 43, Defendants deny that the Class definition is proper. Defendants further state the proper class definition is set forth in Counter Plaintiffs' Counterclaim.

44.      Answering paragraph 44, Defendants admit the allegations contained therein.

45.      Answering paragraph 45, Defendants admit the allegations contained therein.

46.      Answering paragraph 46, Defendants admit the allegations contained therein.

## COUNT III - DECLARATORY JUDGMENT

47.      Answering paragraph 47, Defendants incorporate by reference all of the preceding paragraphs as if restated herein.

48.      Answering paragraph 48, Defendants admit the allegations contained therein.

49.      Answering paragraph 49, Defendants admit the allegations contained therein.

50.      Answering paragraph 50, Defendants admit the allegations contained therein.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss American Axle's request for declaratory judgment and that Defendants be awarded costs and attorney fees incurred in defending this action.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants further answer American Axle's Complaint by relying upon the following affirmative and other defenses:

1.      American Axle's Complaint fails to state a claim upon which relief can be granted.

2.      The actuarial determination that the Pension Plan's AFTAP is below 60% for the current and past Plan Years is incorrect.

3.     Defendants reserve the right to amend or add additional defenses as may be appropriate as they become known.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss in its entirety American Axle's request for declaratory judgment and that Defendants be awarded costs and attorney fees incurred in defending this action.

## COUNTERCLAIM AGAINST
## AMERICAN AXLE & MANUFACTURING CO.

Defendants/Counter Plaintiffs Donald Measel, James McDade, Doug Anderson, Walter Zielinski, Kevin Goliszek and Beverly Burley (hereinafter "Counter Plaintiffs") on behalf of themselves and all similarly situated persons in the proposed class described in this Counterclaim, by their attorneys, Klimist, McKnight, Sale, McClow & Canzano, P.C., file this Counterclaim against American Axle.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over Counts I and III under Section 301 of the LMRA, 29 U.S.C. §185.  This Court has jurisdiction over Counts II and IV under Sections 502(a)(1)(B), 502(a)(3), 502(e)(1) and 502(f) of ERISA, 29 U.S.C. §1132(a)(1)(B), 1132(a)(3), 1132(e)(1), 1132(f) and applicable federal common law.

2.     Venue in this judicial district is proper under Section 301 of the LMRA, 29 U.S.C. §185 and Section 502(e)(2) and Section 502(f) of ERISA, 29 U.S.C. §1132(e)(2) and §1132(f).

**PARTIES**

3.      Defendant/Counter Plaintiff Donald Measel lives at 23465 E. Main, Armada, MI 48005.  He is retired from employment at American Axle.  During Measel's employment with American Axle, he worked in its Detroit facility and was represented in collective bargaining by the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (hereinafter "UAW") and UAW Local 22 (hereinafter "Local 22").  At the time of Measel's retirement, he had attained age 50 and had 10 or more years of Eligibility Credited Service.

4.      Defendant/Counter Plaintiff James McDade lives at 20408 Sunnydale, St. Clair Shores, MI 48081.  He is retired from employment at American Axle.  During McDade's employment with American Axle, he worked in its Detroit facility and was represented in collective bargaining by the UAW and Local 22.  At the time of McDade's retirement, he had attained age 50 and had 10 or more years of Eligibility Credited Service.

5.      Defendant/Counter Plaintiff Doug Anderson lives at 35939 Harvard Road, New Baltimore, MI 48047.  He is retired from employment at American Axle.  During Anderson's employment with American Axle, he worked in its Detroit facility and was represented in collective bargaining by the UAW and Local 22.  At the time of Anderson's retirement, he had attained age 50 and had 10 or more years of Eligibility Credited Service.

6.      Defendant/Counter Plaintiff Walter Zielinski lives at 17 Avon Drive, West Seneca, NY 14224.  He is retired from employment at American Axle.  During Anderson's employment with American Axle, he worked in its Cheektowaga, New York facility and was represented in collective bargaining by the UAW and Local 846.  At the time of Zielinski's retirement, he had attained age 50 and had 10 or more years of Eligibility Credited Service.

7.     Defendant/Counter Plaintiff Kevin Goliszek lives at 141 William Kidder Road, Lancaster, NY 14086.  He is retired from employment at American Axle.  During Anderson's employment with American Axle, he worked in its Cheektowaga, New York facility and was represented in collective bargaining by the UAW and Local 846.  At the time of Goliszek's retirement, he had attained age 50 and had 10 or more years of Eligibility Credited Service.

8.     Plaintiff Beverly Burley lives at lives at 59 Campbell Road, Cheektowaga, NY 14215.  She is retired from employment at American Axle.  During Burley's employment at American Axle, she worked in its Buffalo, New York facility and was represented in collective bargaining by the UAW and Local 424.  Burley is a Grow In Retiree under the 2008 collective bargaining agreement.

9.     Plaintiff/Counter Defendant American Axle is an employer engaged in commerce with its headquarters in Livonia, Michigan, which is in this judicial district.

## COMMON FACT ALLEGATIONS

10.     The UAW is a labor organization as defined in Section 2(5) of the National Labor Relations Act, 29 U.S.C. §152(5) with its headquarters and principle office within this judicial district.

11.     UAW Local 22 is a labor organization as defined in Section 2(5) of the National Labor Relations Act, 29 U.S.C. §152(5), with its headquarters and principle office within this judicial district.

12.     Local 846 is a labor organization as defined in Section 2(5) of the National Labor Relations Act, 29 U.S.C. §152(5), with its headquarters and principle office in Cheektowaga, New York.

13.     Local 424 was a labor organization as defined in Section 2(5) of the National Labor Relations Act, 29 U.S.C. §152(5), with its headquarters and principle office in Buffalo, New York.

14.     Prior to their retirement, the UAW and its Locals 22, 424 and 846 represented the Defendants/Counter Plaintiffs and other Class Members in the negotiation of collective bargaining agreements ("CBA").

15.     The CBAs provided for, *inter alia*, various pension, health care, life insurance, disability, layoff and other benefits, and the CBAs include agreements governing the American Axle & Manufacturing Inc. Hourly-Rate Associates Pension Plan ("Pension Plan") and various American Axle welfare benefit plans.

## CLASS ACTION ALLEGATIONS

16.     In 2008, American Axle entered into a CBA with the UAW regarding the Pension Plan that provides benefits to UAW-represented employees, hereinafter referred to as the "Pension Agreement". The Pension Agreement incorporates the Pension Plan document.

17.     Under the terms of the Pension Agreement and the Pension Plan, certain participants in the Pension Plan are entitled to be credited with years of service for annual pension accrual purposes ("Twenty-Year Employees").

18.     In 2008, the UAW and American Axle negotiated a pre-retirement leave program that allowed employees with between 27 and 30 years of seniority to leave their employment with America Axle, but continue to accumulate years of service and accrue pension credits toward a full 30 year pension during the 2008-2012 CBA (employees who opted into the pre-retirement leave program are hereinafter referred to as "Grow In Retirees").

19.     The Pension Plan provides for an early retirement pension benefit for employees who are permanently laid off as a result of a plant closing, and who have attained at least age 50 and have ten years of credited service under the Pension Plan. (This pension benefit is hereinafter referred to as the "Plant Closing Pension" and those who have been laid off as a result of the plant closing and who have attained at least age 50 and ten years of credited service are hereinafter referred to as the "PCP Employees.")

20.     The Counter Plaintiffs bring this class action on behalf of themselves and other similarly situated former employees and surviving spouses of former employees who retired under a Plant Closing Pension from American Axle and were represented by the UAW and its Locals 22 and 846 in collective bargaining, the Grow In Retirees, and all other participants in the Pension Plan who are entitled to be credited with years of service for annual pension accrual purposes who were represented by the UAW and its Locals 22 and 424.

21.     The exact number of Class Members is not presently known, but upon information and belief, it is in excess of 115 retirees and surviving spouses, and is therefore so numerous that joinder of individual members in this action is impractical.

22.     There are common questions of law and fact in this action that relate to and affect the rights of each member of the Class.  The relief sought in Counts I and II is common to the entire Class.  The relief sought in Counts III and IV is common to the entire Class of Detroit Plant Closing Pension Employees.

23.     The claims in Counts I and II of the Counter Plaintiffs are typical of the claims of the Class in that American Axle is obligated to provide **all** Class Members a full pension.  The claims in Counts III and IV of the Counter Plaintiffs are typical of the claims of the Class from the Detroit plant in that the Counter Plaintiffs claim that American Axle is obligated to provide

all Plant Closing Pension Employees from the Detroit plant, including Measel, McDade and Anderson, pension benefit and lifetime, vested retiree health care and life insurance benefits. There is no conflict between any Counter Plaintiff and other Class Members with respect to this action.

24.    The Counter Plaintiffs are representative parties for the Class, and are able to and will fairly and adequately protect the interest of the Class.

25.    The attorneys for the Counter Plaintiffs are experienced and capable in the field of labor law and ERISA and have successfully prosecuted numerous class actions of a similar nature.

26.    American Axle has acted on grounds generally applicable to the Class, thereby making final injunctive relief and any corresponding injunctive relief appropriate with respect to the Class as a whole.

27.    The action is properly maintained as a class action in that the prosecution of separate actions by individual Class Members would create a risk of adjudication with respect to individual Class Members which would establish incompatible standards of conduct for American Axle.

28.    The action is properly maintained as a class action in that the prosecution of separate actions by individual Class Members would create a risk of adjudication with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

## COUNT I
## BREACH OF  COLLECTIVELY BARGAINED PENSION OBLIGATIONS

29.     The Counter Plaintiffs re-allege in this Count all prior paragraphs of this Counterclaim.

30.     The Pension Agreement and Pension Plan are collective bargaining agreements under the terms of the Labor-Management Relations Act (LMRA), 29 U.S.C. §185.

31.     Section 1 of the Pension Agreement prohibits retroactive amendments to the Pension Plan that would diminish pension benefits.

32.     Section 1 of the Pension Agreement also prohibits retroactive amendments to the Pension Plan without consent of the UAW.

33.     Article IX, Section 1 of the Pension Plan prohibits amendments altering the Pension Plan or its operation in contravention of the terms of the Pension Plan collectively bargained between the UAW and American Axle..

34.     Article IX, Section 1 of the Pension Plan also prohibits amendments which would reduce or eliminate accrued benefits.

35.     In March 2011, during the term of the current collective bargaining agreement between the UAW and American Axle, American Axle, through its Management Benefits Committee, purported to unilaterally adopt a retroactive amendment to the Pension Plan (the "2011 Amendment"), without the consent of the UAW.

36.     The 2011 Amendment purports to diminish pension benefits by providing that the Plant Closing Pension will not be provided to eligible employees in the event that American Axle fails to fund the Pension Plan adequately.

37.     The 2011 Amendment also purports to diminish pension benefits by providing that annual pension accruals to which employees are entitled under the term of the Pension Plan will be terminated in the event that American Axle fails to fund the Pension Plan adequately.

38.     The 2011 Amendment purports to be retroactively effective as of January 1, 2009, and to cancel Plant Closing Pensions based on years of credited service accrued prior to March 2011, and to terminate pension accruals for periods prior to March 2011.

39.     The 2011 Amendment purports to alter the Pension Plan by preventing payment of Plant Closing Pensions and by terminating pension accruals for the 2011 and 2012 plan years, in contravention of the terms of the terms of the collectively bargained Pension Plan.

40.     The 2011 Amendment purports to reduce accrued benefits by preventing the payment of contractual Plant Closing Benefits provided for in the Pension Plan.

41.     American Axle has asserted that the Pension Plan was underfunded and that therefore, under the terms of the 2011 Amendment, the Plant Closing Pension was not payable to the PCP Employees.

42.     American Axle has further asserted that under the 2011 Amendment Detroit and Cheektowaga Twenty-Year Employees and Grow In Retirees will no longer receive further accruals of pension credits.

43.     American Axle has further asserted that it was required to adopt the 2011 Amendment by the Pension Protection Act of 2006 (hereafter "PPA" or "Pension Protection Act").  In fact, the PPA and related IRS regulations permit employer funding as necessary to provide the Plant Closing Pension, and as necessary to credit all pension accruals to which employees are entitled under the terms of the Pension Plan.

44.     American Axle's unilateral adoption of the 2011 Amendment breached the Pension Agreement by purporting to diminish pension benefits, and by doing so both retroactively and without the consent of the UAW.

45.     American Axle's adoption of the 2011 Amendment breached the Pension Agreement by purporting alter the Pension Plan in contravention of the terms of the collective bargained agreement between the UAW and American Axle, and by purporting to reduce accrued benefits and prevent payment of Plant Closing Pensions.

46.     As a result of American Axle's unilateral and retroactive adoption of the 2011 Amendment, and its failure to fund and maintain the Pension Plan in a sound condition, American Axle has violated the terms of the Pension Agreement.

47.     Under the terms of the Pension Agreement and Pension Plan, American Axle is also obligated to maintain and fund the Pension Plan in a sound condition.

48.     American Axle has failed to do so.

49.     In 2008, American Axle closed its Buffalo, New York facility.

50.     In 2011, American Axle announced it would permanently close its Detroit, Michigan and Cheektowaga, New York plants in 2012.

51.     At various times thereafter, American Axle representatives informed the UAW and Class Members that it would terminate and/or refuse to provide Plant Closing Pension Employees  pension payments and health care benefits that it was contractually obligated to provide and that Grow In Retirees and Twenty-Year Employees would not receive pension accruals for 2011 and 2012.

52.     On about February 25, 2012 American Axle closed its Detroit Michigan and Cheektowaga New York facilities.

53.     As a result of all of the contract violations, in excess of 115 UAW-represented PCP Employees, Grow In Retirees, and Twenty-Year Employees have been harmed by American Axle's actions.

<u>**RELIEF REQUESTED FOR COUNT I**</u>

WHEREFORE, Counter Plaintiffs respectfully request that this Court:

A.      Find that American Axle's 2011 Amendment is in breach of the Pension Agreement;

B.      Enter preliminary and permanent injunctive relief prohibiting application of the 2011 Amendment with respect to all Class members;

C.      Order that all actions taken by American Axle and/or the Pension Plan in reliance on the 2011 Amendment are null and void;

D.      Find that American Axle's failure to fund and maintain the Pension Plan in a sound condition is in breach of the Pension Agreement;

E.      Issue preliminary and permanent injunctions requiring that American Axle must fund and maintain the plan as necessary to enable the Pension Plan to provide the Plant Closing Pensions and all annual pension accruals to which Grow In Retirees and Twenty-Year Employees are entitled under the terms of the Pension Plan;

F.      Award such damages as may be warranted, together with attorneys fees and interest; and

G.      Award such other relief as may be warranted in law or equity.

**COUNT II**
**VIOLATION OF SECTION 510 OF ERISA -- DISCRIMINATION**
**FOR THE PURPOSE OF INTERFERING**
**WITH CLASS MEMBERS PENSION BENEFITS**

54.    The Counter Plaintiffs re-allege in this Count all prior paragraphs of this Counterclaim.

55.    Under Section 510 of ERISA, 29 U.S.C.§1140, it is unlawful for an employer to discriminate against a participant or a beneficiary for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

56.    American Axle made contributions to the Pension Plan in amounts that were intended to ensure that the Pension Plan's AFTAP remained below 60%.

57.    American Axle did so for the purpose of interfering with Class Members' pension benefits by preventing payment of Plant Closing Pensions and retiree health care and life insurance benefits, and preventing annual pension accruals by Grow In Retirees and Twenty-Year Employees.

**RELIEF REQUESTED FOR COUNT II**

WHEREFORE, Counter Plaintiffs respectfully request that this Court:

A.    Find that American Axle discriminated against Class Members, in violation of Section 510 of ERISA, by making contributions in amounts intended to ensure that the Pension Plan's AFTAP remained below 60%, for the purpose preventing Class Members from receiving Plant Closing Pensions, annual pension accruals, and retiree health care and life insurance benefits;

B.    Issue preliminary and permanent injunctions requiring that American Axle must fund and maintain the plan as necessary to enable the Pension Plan to provide the

Plant Closing Pensions and credit annual pension accruals for Grow In Retirees and Twenty-Year Employees and retiree health care and life insurance benefits;

C.  Award such damages as may be warranted, together with attorney fees and interest; and

D.  Award such other relief as may be warranted by law and equity.

**COUNT III**
**BREACH OF COLLECTIVELY BARGAINED RETIREE**
**HEALTHCARE AND LIFE INSURANCE OBLIGATIONS**

58.  The Counter Plaintiffs re-allege in this Count all prior paragraphs of this Counterclaim.

59.  Under the 2008 collective bargaining agreement between the UAW and its Local 22 and American Axle, employees eligible for a Plant Closing Pension were to receive lifetime, vested retiree health care and life insurance benefits for themselves, their dependents and surviving spouses.

60.  American Axle closed its Detroit facility on about February 25, 2012.

61.  American Axle has refused to provide employees eligible for a Plant Closing Pension with lifetime, vested retiree health care and life insurance benefits.

62.  American Axle's refusal to provide Detroit Counter Plaintiffs and other Detroit Class Members eligible for a Plant Closing Pension with lifetime, vested retiree health care benefits and life insurance benefits violates the parties' 2008 CBA and is remediable under Section 301 of the LMRA.

63.  The failure to provide retiree health care benefits and life insurance benefits to Detroit Counter Plaintiffs and Detroit Class Members who were eligible for a Plant Closing Pension has caused economic damage and other consequential losses.

64.     American Axle's breach of their contractual obligations as set forth in this Count has caused and will cause the Detroit Counter Plaintiffs and Detroit Class Members monetary damages and great mental anguish and distress.

**COUNT IV**
**VIOLATION OF EMPLOYEE WELFARE PLAN FOR FAILING**
**TO PROVIDE LIFETIME, VESTED RETIREE HEALTH CARE**
**AND LIFE INSURANCE BENEFITS**

65.     The Counter Plaintiffs re-allege in this Count all prior paragraphs of this Counterclaim.

66.     American Axle is, at all relevant times, an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

67.     American Axle is, or was, at all relevant times, the "Plan Sponsor" and/or "Administrator" of the Plan, within the meaning of Section 3(16)(A)-(B) of ERISA, 29 U.S.C. §102(16)(A)-(B).

68.     The post retirement health care benefit plan as provided under the 2008 CBA is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

69.     The Detroit Counter Plaintiffs and other Detroit Class Members are "participants" in the employee welfare benefit plan, within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7).

70.     The terms of the employee welfare benefit plan require American Axle to provide vested, lifetime retiree health care and life insurance benefits to the Detroit Counter Plaintiffs and other Detroit Class Members.

71.     Defendant's refusal to provide retiree health care and life insurance benefits for the Detroit Counter Plaintiffs and other Detroit Class Members violates the terms of the employee welfare benefit plan.

**RELIEF REQUESTED FOR COUNTS III AND IV**

WHEREFORE, Counter Plaintiffs respectfully request that this Court:

A.     Enter a declaratory judgment against American Axle under Section 301 of the LMRA that American Axle is obligated under the 2008 CBA to provide the Detroit Class Plaintiffs and Detroit Class Members who were eligible for a Plant Closing Pension with vested lifetime retiree health care and life insurance benefits;

B.     Enter a judgment against American Axle under Section 502(a)(1)(B) of ERISA which clarifies the rights of the Detroit Class Plaintiffs and Detroit Class Members under the terms of the 2008 CBA and Termination Agreement by declaring that Detroit Class Plaintiffs and Detroit Class Members who were eligible for a Plant Closing Pension are entitled to vested, lifetime post-retirement health care and life insurance benefits;

C.     Enter preliminary and permanent injunctive relief requiring American Axle to maintain the level of retiree health care and life insurance benefits as required by the terms of the 2008 CBA;

D.     Order American Axle to pay damages, plus interest, to the Detroit Class Plaintiffs and Detroit Class Members who were eligible for a Plant Closing Pension, for any losses incurred as a result of the termination of the retiree health care and life insurance benefits;

E.     Order American Axle to pay damages for mental distress and anguish suffered by the Detroit Class Plaintiffs and Detroit Class Members who were eligible for a Plant Closing Pension that resulted from its breach of its contractual obligations;

F.      Award Counter Plaintiffs attorney fees, punitive damages, and costs incurred of this action; and

G.      Grant such further relief as may be deemed necessary and proper.

## **JURY DEMAND**

Counter Plaintiffs request a jury trial of all issues so triable.


Respectfully submitted,

KLIMIST, McKNIGHT, SALE
McCLOW & CANZANO, P.C.


By: /s/ David R. Radtke
      DAVID R. RADTKE (P47016)
      Attorneys for Defendants/Counter-Plaintiffs
      400 Galleria Officentre, Suite 117
      Southfield, MI 48034
      248-354-9650
      Dradtke@kmsmc.com


Dated:  May 25, 2012

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 25, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will serve it upon:

Robert M. Vercruysse
William E. Altman
Gary S. Fealk

Respectfully submitted,

KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.

By:   /s/ David R. Radtke
    DAVID R. RADTKE (P47016)
    Attorneys for Defendants/Counter Plaintiffs
    400 Galleria Officentre, Suite 117
    Southfield, MI 48034
    (248) 354-9650
    dradtke@kmsmc.com

P:\RHC Cases\American Axle 12-11761\Pleadings\AAM Counterclaim May 24 2012-DRR Rev.doc

22